IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| JOSEPH M. FRIEDHEIM AND | § | |
| JOYCE A. FRIEDHEIM, | § | |
| | § | |
| Debtors. | § | |
| | § | |
| THE CADLE COMPANY, | § | |
| | § | |
| Plaintiff-Appellant, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2043-K |
| | § | |
| JOSEPH M. FRIEDHEIM AND | § | |
| JOYCE A. FRIEDHEIM, | § | |
| | § | |
| Defendants-Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellant The Cadle Company ("Cadle")'s appeal of the United States Bankruptcy Court's Findings of Fact, Conclusions of Law and Order entered September 11, 2006. In that order the bankruptcy court denied Cadle's Complaint Objecting to Discharge, and granted Debtors discharge from all dischargeable debts. The bankruptcy court further entered judgment in favor of Debtors and against Cadle. Cadle appealed, stating in the instant appeal that the bankruptcy court improperly granted the Debtors' discharge.

Cadle here argues that the bankruptcy court should not have granted a discharge to the Debtors because the Debtors allegedly concealed their involvement in and

1

ownership of Park Cities Realty ("PCR").  Conversely, the Debtors claimed at trial that PCR is a company owned by their daughters, and that they (the Debtors) worked for PCR as employees.  The bankruptcy court credited the testimony of Debtors and one of their daughters, Andrea Hundley ("Hundley"), and determined that PCR was indeed owned by Debtors' two daughters and run by Hundley.  Having been persuaded by this testimony, the bankruptcy court concluded that Cadle failed to establish that the Debtors concealed PCR (and their involvement in PCR) as an asset of their bankruptcy estate, denying Cadle's objection to discharge.

The court reviews the bankruptcy court's factual findings under the clearly erroneous standard, while any questions of law are reviewed *de novo*.  Fed. R. Bankr. P. 8013; *In re Whitaker Construction Co., Inc.,* 411 F.3d 197, 201 (5th Cir. 2005); *In re Chesnut,* 311 B.R. 446, 449 (N.D. Tex. 2004).  It appears from the bankruptcy court record that the bankruptcy court, after hearing the testimony of Debtors and Hundley, found them to be credible witnesses.  Accordingly, the bankruptcy court accepted their testimony as evidence establishing that Hundley actually was in charge of PCR, and that the Debtors did not conceal the existence of PCR or the nature of their involvement with the company.  The bankruptcy court thus went on to conclude that Cadle had not sufficiently established that Debtors concealed property and should not be discharged.

This court has reviewed the bankruptcy court's findings of fact for clear error, and finds none.  Because the court finds no clear error in the decision of the bankruptcy

court to grant the Debtors' discharge, the order and judgment of the bankruptcy court are **affirmed**.  The clerk is hereby directed to prepare, sign and enter the judgment pursuant to Bankruptcy Rule 8016(a).

    **SO ORDERED**.

    Signed April 18th, 2007.

                                                  ED KINKEADE
                                                  UNITED STATES DISTRICT JUDGE